| | |
|---|---|
| NANCY PRIEST, | ) |
|         *Plaintiff* | ) |
| v. | )   No. 1:15-cv-00379-JHR |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,* | ) |
|         *Defendant* | ) |

# MEMORANDUM DECISION[1]

In this Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge wrongly concluded that none of her impairments were severe. I agree, vacate the commissioner's decision, and remand this case for further action.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease, thyroid disorder, migraine headaches, obesity, and affective, anxiety-related and attention deficit hyperactivity ("ADHD") disorders, Finding 2, Record at 13, medically determinable impairments that, considered separately or in combination, did not significantly limit, or were not

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have agreed to have me preside over this action, including the entry of judgment. ECF No. 18.

expected to significantly limit, the plaintiff's ability to perform basic work-related activities for 12 consecutive months, Finding 3, *id.*; and that she, therefore, had not been disabled, as that term is defined in the Social Security act, from December 9, 2011, the date of her application for benefits, through the date of the decision, February 27, 2014, Finding 4, *id.* at 18. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

### I. Discussion

The plaintiff begins with the assertion that the administrative law judge's decision that none of the plaintiff's impairments were severe is not supported by substantial evidence, and, in the case of her mental impairments, "is directly contradicted by all of the medical opinions of record." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 13) at 4. She addressed only the mental impairments in her statement of errors, and, therefore, only those impairments are before this court. Local Rule 16.3(a)(2)(A) (requiring itemization of specific errors upon which plaintiff seeks remand).

The administrative law judge found that the plaintiff has no limitations in the activities of daily living, no limitations in social functioning, and no limitations in concentration, persistence, or pace. Record at 16. She found no episodes of decompensation of extended duration. *Id*. at 17. These are the four functional areas to be evaluated in assessing the severity of mental impairments. 20 C.F.R. § 416.920a(c)(3). She gave little weight to the opinions of two state-agency psychologists, Thomas Knox, Ph.D., and David Houston, Ph.D., each of whom found that the plaintiff had moderate limitations in concentration and persistence, because those findings were "inconsistent with other significant evidence of record[,]" which she specified. Record at 17. She also gave little weight to the assessment of Keith Young, LCPC (a treating source, but not an acceptable medical source under Social Security regulations, 20 C.F.R. § 416.913(a)) because he did not perform any testing, did not describe any clinical findings to support his assessment, stated that he was relying on the plaintiff's report of symptoms and of how she would react to work responsibilities and pressures, and made observations inconsistent with his assessment. Record at 17-18.

A difficulty with the plaintiff's submission was her failure, at the outset, to specify the mental impairment or impairments that the administrative law judge should have found to be

3

severe. *See Coutu v. Colvin*, No. 1:13-cv-00317-JAW, 2014 WL 5454527, at *2 (D. Me. Oct. 27, 2014) (where claimant does not identify specific impairment that he contends should have been found severe at Step 2, court cannot determine whether applicable legal standard requires remand). However, because the plaintiff relies, Itemized Statement at 4, on the reports of Dr. Knox and Dr. Houston, the state-agency reviewer-psychologists, who both found that the plaintiff's anxiety disorder was severe, Record at 54, 67, I consider that impairment. The plaintiff also refers to the "therapist treating Ms. Priest," Itemized Statement at 5, apparently Young, who diagnosed a major depressive disorder, post-traumatic distress disorder ("PTSD"), and ADHD. Record at 1284. Each of these diagnoses is distinct from the general diagnosis of an anxiety disorder, to which the plaintiff eventually refers. *Id.* at 7. I limit my analysis to the anxiety disorder.[2]

The plaintiff asserts, Itemized Statement at 5, that the administrative law judge was required to adopt the conclusion of the state-agency psychologists that her anxiety disorder was severe because there is no contradictory opinion in the record. There is contradictory medical evidence in the record, as the defendant recounts, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 10-14. While they are not opinions, reports of normal mental status upon examination, some of them after the dates of the reports of the state-agency psychologists, *e.g.*, Record at 730, 889, 891, 893, 895, 900, 902, 1045-46, 1058, 1073, 1227, 1232, are cited by the administrative law judge and are not the type of raw medical data that a layperson is prohibited to evaluate.[3] *See Morey v. Colvin*, C.A. No. 14-433M, 2015 WL 9855873, at *13-

---

[2] In addition, an unacceptable medical source may not provide evidence of the existence of a medically determinable impairment. 20 C.F.R. § 416.913(a). At oral argument, the plaintiff's attorney stated that this appeal "includes all" of the listed mental impairments, but also that the treating medical professionals all treated her various mental diagnoses "as one." He agreed that the itemized statement does not "focus" on anything other than an anxiety disorder.
[3] The plaintiff does not identify the specific raw medical evidence that she alleges the administrative law judge improperly interpreted. *See Bowden v. Colvin*, No. 1:13-cv-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014).

*14 (D.R.I. Oct. 5, 2015) (administrative law judge may rely on normal mental status examinations without expert interpretation). The administrative law judge sets out much of this data in her opinion. *Id*. at 16-18.[4]

The first case cited by the plaintiff as authority is distinguishable. In *Rivera-Figueroa v. Secretary of Health & Human Servs*., 858 F.2d 48 (1st Cir. 1988), the issue was the plaintiff's physical residual functional capacity ("RFC"), a concept that only becomes relevant at Steps 4 and 5 of the sequential evaluation process. The court found that the administrative law judge could not assess RFC without an expert opinion on the point, under the circumstances of that case, and that his reliance on "the grid," a table directing outcomes at certain exertional levels and ages when a claimant's impairments impose no significant limitations on the ability to perform work-related functions, was improper "in view of claimant's history of treatment for a significant mental disorder." *Id.* at 52. None of the circumstances found determinative in that case are present here.

*Plourde v. Colvin*, No. 1:12-cv-194-JAW, 2013 1345519 (D. Me. Mar. 14, 2013), is a different matter. In that case, the administrative law judge made a finding of nonseverity at Step 2 in a case with seven expert opinions on the issue in the record, after rejecting the opinion of a treating source, which was the only opinion issued after the plaintiff had been hospitalized for a suicide attempt and received post-hospitalization mental health treatment. *Id*. at *4. I concluded that, under the circumstances of that case, "it cannot fairly be said that the record makes it clear to a layperson as a matter of common sense that, following the plaintiff's suicide attempt, she was

---

[4] Contrary to the plaintiff's contention, Itemized Statement at 10, the administrative law judge's criticisms of the opinions of the state-agency reviewers and her treating therapist are not "irrelevant." An administrative law judge must state her reasons for rejecting opinion evidence, at least to the extent that her discussion of the evidence will allow a subsequent reviewer to follow her reasoning. *Gendron v. Colvin*, No. 2:13-cv-00191-JAW, 2014 WL 1513350, at *5 (D. Me. Apr. 16, 2014).

5

restored to her baseline state as reflected in . . . a GAF score of 70, indicative of mild symptoms." *Id*. at *6.

In the case at hand, a treating professional and both state-agency psychologists opined that the plaintiff suffered from a severe mental impairment, and there is no professional opinion to the contrary in the record. Given the *de minimis* standard of proof applicable at Step 2, it was error for the administrative law judge to conclude that the plaintiff's diagnosed mental impairment or impairments would have no more than a minimal effect on her ability to perform work, even if there was some evidence in the record that could be interpreted to contradict the uniform professional opinions to the contrary.

I am mindful that, even given the administrative law judge's error in finding the plaintiff's anxiety disorder non-severe at Step 2, the plaintiff must still show that, had the administrative law judge not made the error, the outcome of her claim would have been different. *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) (and cases cited therein). At oral argument, the plaintiff's attorney contended that the outcome would have been different because Young's opinion was that the plaintiff could not maintain regular attendance and be punctual at any job, could not complete a normal workday and workweek, and could not perform at a consistent pace. Record at 1286. Once the existence of an impairment has been established, the opinion of an "unacceptable" medical professional provides evidence of the severity of that impairment, and must be considered by the administrative law judge. *E.g., Peak v. Colvin*, No. 2:15-cv-67-JHR, 2015 WL 7681256, at *5 n.4 (D. Me. Nov. 24, 2015).

Here, the administrative law judge's error is not harmless because the state-agency psychologists found moderate limitations in concentration, persistence, or pace, Record at 54, 67,

and it is not clear whether Young's limitations would, if adopted alone or in combination with those moderate limitations, preclude work to a degree that would establish disability.

At oral argument, the plaintiff's attorney conceded that the alleged error at Step 2 would be harmless without Young's opinion, going on to assert that it would be "impossible and unfair" to assume "under *Nguyen* [*v. Chater*, 172 F.3d 31 (1st Cir. 1999)]" that the administrative law judge's only choice on remand would be the limitations identified by the state-agency psychologists rather than those assigned to the plaintiff by Young. It is not clear whether *Nguyen* is applicable here, because the issue in that case was the RFC assigned to the plaintiff by the administrative law judge, a Step 4 issue, and his ensuing reliance on the Grid. 172 F.3d at 34. However, I agree that the administrative law judge must address, at Step 4 of the sequential analysis procedure, the limitations assigned to the plaintiff by Young.

The plaintiff's attorney also contended at oral argument that the opinion in *McLaughlin v. Colvin*, Civil No. 14-cv-154-LM, 2015 WL 3549063 (D.N.H. June 8, 2015), established that when an administrative law judge's opinion is "all wrong at Step 2," remand is required to correct the findings as to severity and to formulate an RFC. In that case, the court held only that the administrative law judge had "erred by formulating an RFC that included a limitation on lifting that was not supported by a medical opinion." *Id*. at *5. It also made the correct observation that, in order to assess RFC, "the general rule is that an expert is needed to assess the extent of functional loss." *Id*. (internal punctuation omitted). Here, no RFC was formulated and there are three assessments of the extent of the plaintiff's functional loss due to her mental impairments. An RFC should be formulated on remand.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **REVERSED** and the case **REMANDED** for further proceedings consistent with this opinion.

Dated this 16th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge